IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONNA G. WOODS, | : | |
| Individually and on behalf of a class of | : | |
| consumers similarly situated | : | |
| | : | CIVIL NO. CCB-06-705 |
| v. | : | |
| | : | |
| STEWART TITLE GUARANTY | : | |
| COMPANY | : | |

...o0o...

## MEMORANDUM

Now pending before the court are the plaintiff's motion for leave to amend the complaint and the defendant's motion for summary judgment and decertification of the class. Plaintiff Donna G. Woods filed the present action against defendant Stewart Title Guaranty Company ("Stewart") alleging that Stewart overcharged her and other consumers who refinanced their homes within ten years of obtaining valid title insurance on the same property by not providing them discounted "reissue" rates as required by Stewart's rates filed with the Maryland Insurance Commission. Previously, this court dismissed all but Ms. Woods's claim under Maryland law for money "had and received" (2006 WL 2135518) (D. Md. July 28, 2006), and certified a class with regard to her remaining claim. (2007 WL 2872219) (D. Md. Sept. 17, 2007). The complete factual background of Ms. Woods's lawsuit will not be reiterated here.

Following the Fourth Circuit's decision in *Arthur v. Ticor Title Ins. Co.*, 569 F.3d 154 (4th Cir. 2009), upholding the dismissal of a similar claim for money had and received for failure to exhaust administrative remedies with the Maryland Insurance Commissioner, Ms. Woods now seeks leave from the court to amend her complaint to add claims for negligence, breach of implied contract, and violations of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 15 U.S.C. §§ 1681, *et seq*. On August 18, 2009, Ms. Woods also filed a complaint

1

with the Maryland Insurance Administration ("MIA"), alleging the same claims. (*See* Def.'s Mot. for Summ. J. Ex. A.) Ms. Woods has not yet received a disposition from the MIA. Stewart opposes Ms. Woods's motion and has filed a motion for summary judgment and decertification of the class.

The issues in this case have been fully briefed and no oral argument is necessary. For the following reasons, the plaintiff's motion will be denied and the defendant's motion will be granted in part and denied in part.

## ANALYSIS

*A.     Leave to Amend*

Stewart argues that amendment of Ms. Woods's complaint would be futile following the Fourth Circuit's holding in *Arthur*. The court agrees.

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). A court should deny a motion to amend "*only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks and citation omitted and emphasis original). Amendment of a complaint is futile where a proposed new claim is subject to exhaustion of administrative remedies and the plaintiff has failed to do so. *See, e.g., Daso v. Grafton Sch., Inc.*, 181 F. Supp. 2d 485, 489 (D. Md. 2002); *Webb v. United States*, 24 F. Supp. 2d 608, 620 (W.D. Va. 1998).

Amendment in this case would be futile because the Fourth Circuit's holding in *Arthur* requires that Ms. Woods's proposed new claims be exhausted in an administrative proceeding and Ms. Woods has not done so. The plaintiffs in *Arthur* also were Maryland homeowners who alleged that the defendant Ticor Title Insurance Company charged them rates for title insurance

on their refinanced homes that were higher than the applicable reissue rates. 568 F.3d at 156. The Fourth Circuit upheld the dismissal of the plaintiffs' claim for money had and received because it agreed with the district court that exhaustion of administrative remedies under the Maryland Insurance Code was required. *Id*. at 161. The court held that the plaintiffs' claim was "dependent on the Insurance Code" because it would "succeed only if plaintiffs show[ed] that Ticor violated the Code." *Id*. In other words, "[i]f the Insurance Code did not require Ticor to adhere to its filed rates, plaintiffs would have no right to recover from Ticor for charging an excessive fee." *Id*. In holding that exhaustion was required, the court distinguished *Zappone v. Liberty Life Ins. Co.*, 706 A.2d 1060 (Md. 1998), upon which the plaintiffs relied, because that case "did not address a claim for exceeding filed insurance rates, but instead claims for fraud and negligence that were 'wholly independent' of the Insurance Code." *Id*. at 161 (quoting *Zappone*, 706 A.2d at 1071). Integral to the court's holding was its determination that the plaintiffs' claim implicated the expertise of the Insurance Commissioner in several ways, including that the "Commissioner would be in a better position than a federal court to determine, for example, whether plaintiffs are correctly interpreting the rate structure that Ticor filed with the Commissioner." *Id*.

Ms. Woods's proposed new claims reiterate her prior allegations that Stewart exceeded its filed insurance rates and, therefore, depend on the Maryland Insurance Code in the same way that the plaintiffs' claim in *Arthur* did. Her proposed amended complaint alleges that Stewart: (1) negligently overcharged borrowers by not realizing that they were entitled to a discounted rate (*see* Pl.'s Mot. for Leave to Amend Ex. A at ¶ 78-79); breached an implied in fact contract with borrowers by "failing to charge them the discounted refinance rate in accordance with [Stewart's] filed and approved rates" (*id*. at ¶ 90); and (3) was part of a RICO fraud scheme

involving a conspiracy to overcharge borrowers for title insurance. (*See id*. at ¶¶ 110, 117.) Forming the basis for each new cause of action is the same alleged failure to charge the correct discounted insurance rate as determined by the rate structure filed by Stewart with the Maryland Insurance Commissioner. Unlike in *Zappone*, where the Maryland Court of Appeals determined that the plaintiff's causes of action were "wholly independent" of the Insurance Code because "[n]o interpretations or applications of the Insurance Code or any regulations by the Insurance Commissioner [were] involved" and the expertise of the Insurance Commissioner was "irrelevant", 706 A.2d at 1071, here, each of Ms. Woods's proposed claims requires an interpretation and application of the Insurance Code and Stewart's filed rates. This is precisely the sort of exercise that the Fourth Circuit found to implicate the expertise of the Insurance Commissioner in *Arthur*. *See* 569 F.3d at 161. Accordingly, *Arthur* controls in this case and applies squarely to Ms. Woods's proposed new claims, not simply to her claim for money had and received.

     Ms. Woods argues that because she filed a complaint with the MIA following the outcome in *Arthur*, she has fulfilled the requirements of exhaustion and amendment is not futile. She contends that this court need only stay her case until she receives a disposition in her administrative proceeding. No sufficient reason to do so, however, has been shown. Following *Arthur*, it is preferable to dismiss and allow Ms. Woods's administrative proceeding to make determinations that may affect later judicial proceedings, rather than keep this case open indefinitely. Ms. Woods has not met the requirements of exhaustion simply by filing a complaint with the MIA three years after filing the present lawsuit. Rather, until the final resolution of her administrative proceeding, this court lacks jurisdiction to adjudicate her case and amendment of the complaint would be futile.

B.       *Summary Judgment and Class Decertification*

Stewart has moved for summary judgment and decertification of the class.  Although Stewart argues that the Fourth Circuit's holding in *Arthur* entitles it to summary judgment on Ms. Woods's claim for money had and received, summary judgment is not warranted at this stage.  As discussed above, the holding in *Arthur* leaves no doubt that Ms. Woods must first exhaust her administrative remedies before this court can adjudicate her claim for money had and received.  But *Arthur* does not require that judgment as a matter of law be entered in favor of Stewart simply because Ms. Woods has not yet received a disposition from the MIA.  *See Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990) (vacating the district court's judgment in favor of the plaintiffs and remanding the case to be dismissed without prejudice because the plaintiffs had failed to exhaust their administrative remedies); *Makar v. Health Care Corp.*, 872 F.2d 80, 83 (4th Cir. 1989) (vacating the district court's order in favor of the defendant and remanding the case to be dismissed without prejudice where the plaintiffs had not yet exhausted remedies under their employee benefit plans); *see also City of Oakland v. Hotels.com LP*, 572 F.3d 958, 962 (9th Cir. 2009) (stating that "failure to exhaust administrative remedies is properly treated as a curable defect and should generally result in a dismissal without prejudice.")  Accordingly, the court will deny summary judgment and instead will dismiss Ms. Woods's claim for money had and received without prejudice, subject to the exhaustion of administrative remedies.

The court will grant, however, Stewart's motion to decertify the class.  An order certifying a class "may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C).  "A federal district court possesses . . . broad discretion in determining whether to modify or even decertify a class." *Wu v. MAMSI Life & Health Ins. Co.*, 256 F.R.D. 158, 162 (D. Md. 2008) (citing *General Tel. Co. of the Southwest v. Falcon,* 457 U.S. 147, 160 (1982)

5

("Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation.")); *see also Richardson v. Byrd*, 709 F.2d 1016, 1019 (5th Cir. 1983) (stating that "Under Rule 23 . . . The district judge must define, redefine, subclass, and decertify as appropriate in response to the progression of the case from assertion to facts.")  The certification order issued by this court prior to the decision in *Arthur* is no longer appropriate now that it has become clear that Ms. Woods's claim is not properly before this court.  Although Ms. Woods suggests that the proper remedy is to substitute another plaintiff in her place, she has not identified a single putative class member who has exhausted his or her administrative remedies.  Thus, substitution is inappropriate, and the court will decertify the class.

## **CONCLUSION**

For the above stated reasons, the plaintiff's motion for leave to amend will be denied and the defendant's motion for summary judgment will be granted in part and denied in part.  A separate Order follows.

|  |  |
|---|---|
| March 3, 2010 | /s/ |
| Date | Catherine C. Blake |
|  | United States District Judge |