IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONNA G. WOODS, | : | |
| Individually and on behalf of a class of | : | |
| consumers similarly situated | : | |
| | : | CIVIL NO. CCB-06-705 |
| v. | : | |
| | : | |
| STEWART TITLE GUARANTY | : | |
| COMPANY | : | |

...o0o...

**MEMORANDUM**

Pursuant to Local Rule 105.10 and Federal Rule of Civil Procedure 60(b), plaintiff Donna G. Woods has moved for reconsideration of this court's order on March 3, 2010 denying her motion for leave to amend the complaint, dismissing her claim for money had and received without prejudice, and decertifying the class. This motion has been fully briefed and the court heard oral argument on August 12, 2010. For the reasons set forth below, Ms. Woods's motion will be denied.

**BACKGROUND**[1]

This court dismissed Ms. Woods's claim for money had and received pursuant to the Fourth Circuit's holding in *Arthur v. Ticor Title Ins. Co.*, 569 F.3d 154 (4th Cir. 2009), which held that plaintiffs like Ms. Woods were required to exhaust their administrative remedies with the Maryland Insurance Administration ("MIA") before filing suit. Although after the ruling in *Arthur* Ms. Woods filed a claim with the MIA, this court determined on March 3, 2010 that "[f]ollowing *Arthur*, it [was] preferable to dismiss and allow Ms. Woods's administrative proceeding to make determinations that may affect later judicial proceedings, rather than keep

---

[1] A full factual and procedural background can be found in this court's three previous opinions. *See* 2006 WL 2135518 (D. Md. July 28, 2006), 2007 WL 2872219 (D. Md. Sept. 17, 2007), and 2010 WL 786294 (D. Md. March 3, 2010).

1

this case open indefinitely." 2010 WL 786294 at * 2. Shortly thereafter, on March 25, 2010, the MIA issued a decision that Ms. Woods had been overcharged by Stewart Title Guaranty Company ("Stewart"). (*See* Pl.'s Mem. Ex. 2 at 3.) The MIA calculated that Ms. Woods was owed $129.00, plus interest. (*Id*.) Stewart tendered a payment of $184.37 to Ms. Woods on April 8, 2010.[2] (*See* Def.'s Opp'n Ex. 1.) Stewart originally sent this payment to the MIA, which returned it with directions to send the payment directly to Richard Gordon, Ms. Woods's counsel. (*See id*.) Stewart did so on April 9, 2010. (*See id.*) Ms. Woods now seeks to have her lawsuit reopened.

## ANALYSIS

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" on six enumerated grounds. Generally, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks and citation omitted) (discussing Rule 59(e)).

A court considers a Rule 60(b) motion in two stages. *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993). First, the moving party must show that three threshold conditions have been met: (1) the motion is timely; (2) the moving party has a meritorious defense or claim; and (3) the "opposing party would not be unfairly prejudiced by having the judgment set aside." *Id*. (internal quotation marks and citation omitted). If the moving party has met the threshold showings, then he or she must "satisfy one of the six enumerated grounds for relief under Rule 60(b)." *Id*. at 266. The grounds relied upon by Ms. Woods are Rule 60(b)(2):

---

[2] The MIA also determined that DeAngela Winston, an unnamed plaintiff, was overcharged by $65.00. (Pl.'s Mem. Ex. 2 at 4.) Stewart tendered a payment of $75.94 to Ms. Winston on April 8, 2010. (*See* Def.'s Opp'n Ex. 1.)

2

"newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);" and Rule 60(b)(6): "any other reason that justifies relief."

Stewart does not dispute that Ms. Woods's motion was timely, nor has it argued it will be unfairly prejudiced if this court's order were set aside. Stewart contends, however, that Ms. Woods has not shown that she has a meritorious claim entitling her to relief. Given that Ms. Woods was offered restitution in the full amount of her damages from Stewart following the MIA's decision in her favor, whether Ms. Woods currently has a meritorious claim is, at the very least, a difficult question. In particular, it is unclear whether Ms. Woods's claim is moot in light of Stewart's payment and, therefore, whether Ms. Woods can still maintain a class action in this court.

But even assuming Ms. Woods can show she has a meritorious claim, she has not satisfied one of the enumerated grounds for relief in Rule 60(b). First, the MIA's decision is not newly discovered evidence under Rule 60(b)(2), as it occurred *after* this court issued its order on March 3, 2010. *See, e.g., Union Ins. Co. v. Soleil Grp., Inc.*, 585 F. Supp. 2d 783, 787 (D.S.C. 2008) (citing cases for the proposition that "events occurring after trial are not newly discovered evidence within the meaning of 60(b)(2)") (internal quotation marks and citation omitted).

Second, a "motion under Rule 60(b)(6) may not be granted absent extraordinary circumstances", *Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir. 2004) (internal quotation marks and citation omitted), and Ms. Woods has not shown any such circumstances here. As an initial matter, the court disagrees with Ms. Woods that the Supreme Court's recent holding in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, -- U.S. --, 130 S. Ct. 1431 (2010), entitles her to relief. Ms. Woods asks the court to interpret *Shady Grove* as essentially overruling the

holding in *Arthur* that administrative exhaustion is required.  But *Shady Grove* did not specifically address the issue of administrative exhaustion, and did not clearly abrogate *Arthur* such that this court could decline to follow the Fourth Circuit's ruling.  Accordingly, *Shady Grove* does not entitle Ms. Woods to relief under Rule 60(b)(6).

Furthermore, contrary to what Ms. Woods argues, interests of judicial economy do not justify Rule 60(b) relief in this case.  Ms. Woods contends that it will be a waste of judicial resources for her to file a new complaint, as discovery and substantial briefing have already occurred.  But this case has changed following the MIA's decision.  New complicated issues surrounding mootness and class certification have emerged, and they will be litigated regardless of whether this case is reopened or Ms. Woods files a new one.  Thus, Ms. Woods has not shown that judicial economy would be served by granting her motion, let alone that there is anything extraordinary about the circumstances of this case justifying Rule 60(b)(6) relief.

Finally, at the motions hearing counsel for Ms. Woods presented a last minute argument that extraordinary circumstances exist because, if the court denies Ms. Woods's motion, the statute of limitations will run on some of the unnamed plaintiffs' claims, leaving them without relief.  This argument has not been briefed, nor did counsel present any case law in support of it.  Accordingly, it will not be considered as a basis to grant the motion.  A separate Order follows.

    August 26, 2010                                       /s/
        Date                                              Catherine C. Blake
                                                          United States District Judge